UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| COREY ALAN BENNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:16-CV-656-TWP-HBG |
| | ) | |
| BRUCE WESTBROOKS, Warden of | ) | |
| Riverbend Maximum Security Institution,[1] | ) | |
| and HERBERT SLATERY, Attorney | ) | |
| General for the State of Tennessee, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM and ORDER

This pro se state prisoner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 was transferred to this Court by the Western District of Tennessee [Docs. 1, 7]. Petitioner is challenging the legality of his confinement pursuant to his October 12, 2012 state court conviction entered in the Criminal Court for Knox County, Tennessee, and alleging ineffective assistance of counsel as his sole ground for relief [Doc. 1]. Though Petitioner does not identify the nature of the offense involved in the challenged conviction, he has another petition pending in this district in which he identifies his crime as attempted especially aggravated sexual exploitation of a minor. *See Bennett v. Slatery*, No. 3:15-CV-198 (E.D. Tenn. filed Jan. 5, 2015). The Clerk is **DIRECTED**

---

[1] Because the proper respondent in a habeas corpus case is the state officer having custody of a petitioner, *see* Rule 2, Rules Governing Section 2254 Cases In The United States District Courts, the Court has added the correct respondent, i.e., Bruce Westbrooks, the Warden of the Riverbend Maximum Security Institution in Nashville, Tennessee, wherein Petitioner is confined. Petitioner mistakenly named Herbert Slatery, the Attorney General for the State of Tennessee as Respondent.

to serve copies of the petition and this Memorandum and Order on Respondent and the Attorney General for The State of Tennessee.

Since it does not plainly appear from the face of the petition that it should be summarily dismissed, Respondent is hereby **ORDERED** to answer or otherwise respond to the petition within thirty (30) days from the date of this Order. Rule 4, Rules Governing Section 2254 Cases In The United States District Courts. Respondent should specifically address whether the petition was timely filed and whether Petitioner has exhausted his available state court remedies. 28 U.S.C. §§ 2244(d), 2254(b).

Although a reply is not necessary, if Petitioner wishes to file a reply, he **SHALL** file that reply within thirty (30) days from the date Respondent files her answer with the Court. Rule 5(e), Rules Governing Section 2254 Proceedings In The United States District Courts. Any reply should not exceed twenty-five pages; must directly reply to the points and authorities in the Warden's answer; and must not to be used to reargue the points and authorities included in the petition or to present any new issues. *See* E.D. Tenn. L.R. 7.1(b) and (c).

**SO ORDERED**.

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE