# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| COREY ALAN BENNETT, | ) |
| Petitioner, | ) |
| v. | ) No.: 3:16-CV-656-TWP-HBG |
| BRUCE WESTBROOKS, | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

This is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Doc. 1] that the United States District Court for the Western District of Tennessee transferred to this Court [Doc. 7]. Respondent has filed a response in opposition to the motion and the state court record [Docs. 14 and 15]. For the reasons set forth below, the petition [Doc. 1] will be **DENIED** and this action will be **DISMISSED**.

## I. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in 28 U.S.C. § 2254, *et. seq.*, a district court may not grant habeas corpus relief for a claim that a state court adjudicated on the merits unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

The § 2254(d) standard is a hard standard to satisfy. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (noting that "§ 2254(d), as amended by AEDPA, is a purposefully demanding standard . . . 'because it was meant to be'") (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)).

**II.     ANALYSIS**

In his § 2254 petition, Petitioner seeks to challenge his October 12, 2012 convictions in Knox County Criminal Court based on a claim for ineffective assistance of counsel [Doc. 1 p. 4; Doc. 15-5 p. 2[1]]. In support of this claim, Petitioner states that he "was represented by ineffective counsel and [] Attorney Vanessa Lynn Lemons is now barred from practicing law in [the] State of T[ennesee]" [*Id.*]. This is the only substantive allegation in the § 2254 petition. In response to the § 2254 petition, Respondent has set forth a detailed analysis of the procedural history of Petitioner's state court post-conviction proceedings in which Petitioner raised claims for ineffective assistance of counsel on various occasions (all of which were dismissed either voluntarily and/or on state procedural grounds) to assert that Petitioner procedurally defaulted this claim [Doc. 14 p. 2–10].

First, courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A habeas corpus motion must, however, set forth both a "reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) (internal citations omitted).

---

[1] Petitioner does not set forth the specific convictions he challenges in his § 2254 petition. Further, it is apparent from the Tennessee Criminal Court of Appeals Opinion filed with the record that there was some confusion as to the exact charges to which Petitioner pleaded guilty [Doc. 15-5 p. 2]. Petitioner's exact convictions are not relevant to the Court's analysis of his § 2254 petition, however.

"Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (referring to a motion for relief under § 2255) (citations omitted).

While Petitioner clearly intended to set forth a claim for ineffective assistance of counsel, even liberally construing the § 2254, the Court cannot determine what, if any, acts of counsel Petitioner alleges were deficient and/or prejudicial to the conviction and/or sentence Petitioner seeks to challenge. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth a two-pronged test for evaluating claims for ineffective assistance of counsel under which a petitioner must establish both that counsel was deficient and that counsel's deficient performance prejudiced the defense).

Accordingly, this § 2254 petition [Doc. 1] will be **DENIED** because it fails to state a substantive claim for relief under § 2254 and this action will be **DISMISSED**. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face).

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists of reason would not debate the Court's finding that Petitioner has not set forth a substantive claim for relief under § 2254.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R:**

s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE